## US DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI, on behalf of himself and a class of all others similarly situated as described,
    Plaintiffs,

v.

CITY OF ANN ARBOR and CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT ASSOCIATION,
    Defendants
_____/

Case No.: 19-cv-11189
Honorable _____

**COMPLAINT**
**JURY DEMANDED**

**CLASS ACTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiffs
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

### CLASS ACTION COMPLAINT

### INTRODUCTION

1.    During the relevant period, parking enforcement officer(s) of the City of Ann Arbor (City) and its Downtown Develop Authority (DDA) regularly marked (i.e. vandalized) parked vehicles within the City's territorial limits to obtain information a vehicle is parked on a street or public area to ultimately issue a government sanction in form of a municipal ticket and increasing from there. No law allows this local government or its parking enforcement officials to place anything—a mark or otherwise—on a private vehicle. Placing such on a private vehicle is the physical occupation of private property for the purpose of obtaining information, and is, under *United States v Jones* and Taylor v *City of Saginaw*, an unconstitutional act when done without a warrant.

1

## PARTIES

2. Plaintiff SEAN ANTHONY YANNOTTI has received at least one parking ticket via the use of marking 'chalk' being placed on his vehicle by a parking enforcement officer without permission or authority, or the existence of any exigent circumstances.

3. Defendant CITY OF ANN ARBOR is a municipal corporation formed under the laws of the State of Michigan.

4. Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY is a municipal entity formed under the laws of the State of Michigan and the ordinances/authority of the CITY OF ANN ARBOR.

## JURISDICTION

5. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief together with monetary damages against Defendant CITY OF ANN ARBOR and Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY for violations of the Fourth Amendment of the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

7. Venue is proper in this Court as Defendants conduct their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff SEAN ANTHONY YANNOTTI owns a 2017 Chevrolet Sonic that is registered with Michigan license plate number MI-EAY8454.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9. On April 6, 2019, Plaintiff SEAN ANTHONY YANNOTTI was issued a municipal parking ticket numbered as 4100039898

10. A copy of the ticket is attached as **Exhibit A**.

11. The parking ticket was issued by the officer responsible for issuing parking tickets for Defendant CITY OF ANN ARBOR and/or Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY.

12. The ticket denotes that the tires of the 2017 Chevy Sonic were marked with a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of a parking ticket at the 600 Block of "William East."

13. On information and belief, parking enforcement officials from Defendant CITY OF ANN ARBOR and/or Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY regularly and systematically use the placement of a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of numerous parking tickets throughout the territorial limits of the City of Ann Arbor.

14. It is the official custom and practice of Defendant CITY OF ANN ARBOR and/or Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY for its parking enforcement officials use this methodology of placing a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of parking tickets throughout the territorial limits of the City of Ann Arbor.

15. Defendants have operated in violation of the Fourth Amendment, *U.S. v. Jones*, and undertake ongoing conduct that is completely indifferent of the federal right to be free from violations of the Fourth Amendment to the United States Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CLASS ALLEGATIONS

16.     This action is brought by the Plaintiff SEAN ANTHONY YANNOTTI individually and on behalf of individuals during the relevant statutorily-limited time period who were subject to the unconstitutional methodology of the placement of a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of thousands of parking tickets through the territorial limits of the City of Ann Arbor.

17.     The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

18.     There are clear questions of law and fact raised by Plaintiff SEAN ANTHONY YANNOTTI's claim common to, and typical of, those raised by the Class she seeks to represent.

19.     The violations of law and resulting harms alleged by Plaintiff SEAN ANTHONY YANNOTTI are typical of the legal violations and harms suffered by all Class members.

20.     Plaintiff SEAN ANTHONY YANNOTTI, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

21.     The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

22. Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class, necessitating declaratory and injunctive relief for the Class.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983

23. In 2012, the United States Supreme Court pronounced in *U.S. v. Jones* that the when, without a warrant, the government has "physically occupied private property for the purpose of obtaining information" when it "trespassorily inserted the information-gathering device" onto a vehicle, said actions violated the Fourth Amendment.

24. Under *U.S. v. Jones*, when the government physically occupies private property for the purpose of obtaining information, it is a search within the meaning of the Fourth Amendment requiring the issuance of a search warrant pursuant to law.

25. This legal obligation was made abundantly and sufficiently clear by the United States Supreme Court in *U.S. v. Jones.*

26. The decision of *U.S. v. Jones* provides the contours of a federally-protected right that is sufficiently clear so that that every reasonable official and entity, including Defendant CITY OF ANN ARBOR and/or Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY, would have understood that right as being established, at the latest, in 2012 and long before any tickets in dispute in this case were issued.

27. The present case involves governmental entities and their actors/agents engaging in more than naked-eye surveillance of private property.

28. The surreptitious placement of chalk marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically

place a device on private property to gather information as well as conducting non-overt surveillance on the movement or non-movements of vehicles violates the Fourth Amendment to the United States Constitution.

29. The placement of chalk-like marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically place an apparatus on private property to gather information as well as conducting surveillance on the movement or non-movements of vehicles is a policy, custom, and/or practice of Defendant CITY OF ANN ARBOR and/or Defendant CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT AUTHORITY sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

30. Plaintiff SEAN ANTHONY YANNOTTI and Class members have experienced constitutional and monetary harm by the unconstitutional processes and procedures undertaken by a policy, custom, and/or practice of Defendants.

31. The conduct of Defendants was reckless and undertaken with complete indifference to Plaintiff SEAN ANTHONY YANNOTTI's and the Class members' federal rights to be free from violations of the Fourth Amendment to the United States Constitution.

### RELIEF REQUESTED

32. WHEREFORE, Plaintiff SEAN ANTHONY YANNOTTI, on his behalf and on behalf of all defined Class members, respectfully requests this Court to—

    a. Enter an order certifying this case as a Class Action;

    b. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

  c. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fourth Amendment to the United States Constitution;

  d. Enter an order for damages in the amount of full refunds, with interest, of all fines obtained by Defendants from members of the Class by its illegal actions;

  e. Enter an order for an award of punitive damages;

  f. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 23(h), and all other applicable laws, rules, or statutes; and

  g. Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

33. For all triable issues, a jury is hereby demanded.

Date: April 24, 2019      RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com