**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SEAN ANTHONY YANNOTTI, on behalf of himself and a class of all other similarly situated as described, | Case No. 19-11189<br>Honorable Nancy G. Edmunds |
|       Plaintiffs,<br>v. | |
| CITY OF ANN ARBOR and CITY OF ANN ARBOR DOWNTOWN DEVELOPMENT ASSOCIATION. | |
|       Defendants.<br>_____/ | |

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO STRIKE
AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [10] [15]**

This dispute centers on a parking ticket issued to Plaintiff Sean Anthony Yannotti and the constitutionality of the City of Ann Arbor's alleged practice of chalking tires as part of its parking enforcement procedures. In his complaint, Plaintiff alleges that Defendants, the City of Ann Arbor and the City of Ann Arbor Downtown Development Association[1], chalked his tires to obtain information to justify the issuance of the parking ticket and that this act of chalking violated his Fourth Amendment rights under the Sixth Circuit's recent opinion in *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019). Plaintiff asserts a claim under 42 U.S.C. § 1983 for Defendants' alleged violation of his constitutional rights and seeks declaratory and injunctive relief to stop Defendants' enforcement of the parking ticket. More broadly, Plaintiff asserts claims on behalf of a putative class of individuals who were also issued parking tickets pursuant to Defendants' allegedly unconstitutional

---
[1] Defendants state that the proper name of this entity is the Downtown Development Authority.

1

chalking practices. On behalf of the class, Plaintiff seeks injunctive and declaratory relief prohibiting Defendants from continuing their allegedly unconstitutional chalking practices and seeks damages in the form of a refund of all fines and fees paid on tickets issued because of chalking.

Two motions are pending before the Court. The City moves to strike Plaintiff's request for damages from the complaint pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 10.) The City maintains the damages sought by Plaintiff—a refund of fines paid on parking tickets where tire marking was used—are not available as a matter of law, and therefore asks the Court to strike the damage allegations from the complaint as "immaterial and inappropriate." Plaintiff opposes the motion. Plaintiff also moves the Court to enter a preliminary injunction preventing Defendants from continuing enforcement and collection efforts for the parking ticket issued to him. (ECF No. 15.) On October 8, 2019, the Court held a hearing in connection with the motions. For the reasons set forth below, the City's motion to strike is **DENIED** and Plaintiff's motion for preliminary injunction is **DENIED**.

**I.     Background**

On April 6, 2019, Plaintiff received a parking ticket in the City of Ann Arbor. A copy of the ticket is attached as Exhibit A to Plaintiff's First Amended Complaint. Plaintiff's vehicle was parked on a street with a single automated parking meter for all cars in the parking zone. In this particular parking zone, there is not an individual meter for each spot or vehicle. As the Court understands, parkers pay at the single meter and place a parking receipt in their vehicle indicating the appropriate parking fee was paid and the time by which they must leave their parking spot.

Plaintiff's parking ticket reflects that Plaintiff's tires were marked from 9:57 to 11:59, and that the parking ticket was issued at 11:59.  However, the ticket does not indicate that Plaintiff was ticketed for parking in the same place too long or beyond a two-hour time limit.  And there is no evidence in the record establishing that the parking zone at issue imposed a two-hour maximum parking time limit.  Instead, Plaintiff's ticket states the parking violation was for an expired meter.  Under "Violation Description", the ticket provides "parked at expired meter."  The ticket notes "Ordinance C126 10:72(1)" which the City claims applies to expired meters, as opposed to § 10:72(2) which applies when a vehicle is parked longer than the maximum duration of time permitted.  The ticket also notes a paid time start of 11:07 and a paid time expired of 11:17.[2]  The ticket imposed a $25.00 fine on Plaintiff for his violation and warned that the fine would increase if Plaintiff failed to pay within fourteen days.

On April 22, 2019, the Sixth Circuit issued its opinion in *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019).[3]  The Court held that law enforcement's chalking of tires constitutes a search under the Fourth Amendment and reversed the district court's dismissal of the plaintiff's Fourth Amendment violation claims. *Id.*  But the Court did not hold that tire chalking violates the Fourth Amendment. *See Taylor*, 922 F.3d at 336.  The Court found that the plaintiff sufficiently stated a claim for violations of the Fourth Amendment to survive a motion to dismiss under Rule 12(b)(6) and that a more developed record was required to address whether the "search" was in fact unreasonable, or more specifically, whether any of the exceptions to the warrant requirement applied. *Id.*

---

[2] The City suggests this means Plaintiff only paid for ten minutes of parking.
[3] Plaintiff's counsel here also represents the plaintiff in *Taylor*.

On April 25, 2019, Plaintiff initiated the instant action. In his complaint[4], Plaintiff challenges the constitutionality of his parking ticket under *Taylor* and claims the Defendants' chalking of his tires violated his Fourth Amendment rights. Plaintiff asserts a claim under 42 U.S.C § 1983 and seeks declaratory and injunctive relief preventing Defendants from enforcing the ticket. Plaintiff also challenges Defendants' chalking practice on behalf of a class of all individuals "who were subject to the unconstitutional methodology of the placement of a chalk mark on one of the four ties of vehicles to obtain information to justify the issuance of thousands of parking tickets through the territorial limits of the City of Ann Arbor." In connection with his class claims, Plaintiff seeks injunctive and declaratory relief, nominal damages, and actual damages in the form of a return of "fines and fees obtained as a result of violations of the Fourth Amendment to the United States Constitution." Plaintiff also seeks punitive damages and an award of attorney's fees under 42 U.S.C § 1988.

It does not appear from the record that Plaintiff paid his parking ticket. On July 29, 2019, Plaintiff received a final notice to pay his parking ticket from Defendants. Plaintiff submits a copy of this notice as Exhibit B to his motion for preliminary injunction. The final notice includes a late fee of $55.00, bringing Plaintiff's total fine to $80.00. The notice describes Plaintiff's violation as "expired meter." The notice states that it is the final notification before the parking violations will be sent to the 15th District Court as civil infractions. And the notice warns that Plaintiff's failure to respond may result in the impoundment of his vehicle.[5]

---

[4] On August 20, 2019, Plaintiff filed an amended complaint.
[5] The "warning" language in the copy of the final notice submitted to the Court is incomplete. The notice states Plaintiff's failure to respond may result in "the loss of your ability to renew" but the sentence is not finished.

The City claims that following the Sixth Circuit's decision in *Taylor*, it voluntarily stopped chalking vehicles and instructed its contractor to stop collection and enforcement efforts for all parking tickets that may have been issued because of chalking. The City explains that enforcement of Plaintiff's ticket was not originally halted because his violation was for an expired meter, and therefore was not "included in the group of tickets where collection efforts were halted." The City states that they have now voluntarily ceased enforcement efforts on Plaintiff's ticket pending the outcome of this litigation.

## II.     The City's Rule 12(f) motion to strike

The City moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike Plaintiff's request for damages. The City argues that refunds of fines paid because of or in connection with a Fourth Amendment violation are not recoverable as damages under 42 U.S.C. § 1983 as a matter of law, and therefore the Court should strike Plaintiff's request for damages from the complaint as "immaterial and inappropriate."

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking is a drastic remedy and is viewed with disfavor. *See Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Parlak v. U.S. Immigration & Customs Enf't*, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Ultimately, the decision to strike a pleading is firmly within the discretion of the court.

*Spizizen v. Nat'l City Corp.*, No. 09-11713, 2010 WL 419993, at *2 (E.D. Mich. Feb. 1, 2010) (citation omitted).

In *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-76 (9th Cir. 2010), the Ninth Circuit held as a matter of first impression that Rule 12(f) does not authorize a district court to strike a claim for damages because such damages are precluded by law. The issue in *Whittlestone* was whether the district court abused its discretion by striking claims for lost profits and consequential damages from the complaint pursuant to Rule 12(f). *Id.* In considering whether a Rule 12(f) motion could be used to strike damage allegations from a complaint, the Ninth Circuit began its analysis with the plain text of the Rule. *Id.* The court found the plaintiff's claim for damages, even if potentially barred as a matter of law, did not qualify as a "defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* The court explained:

> First, the claim for damages is clearly not an insufficient defense; nobody has suggested otherwise. Second, the claim for damages could not be redundant, as it does not appear anywhere else in the complaint. Third, the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief. *See Fogerty,* 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990) (quotation marks omitted)). Fourth, the claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged. *Id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted). Finally, a claim for damages is not scandalous, and Handi–Craft has not alleged as much.

*Id.* at 974.

Beyond the plain text of the Rule, the Ninth Circuit also provided two additional reasons that damage allegations should not be subject to a motion to strike under Rule

6

12(f). *Id.* First, the court found that to conclude that certain "damages should be stricken from the complaint, because such damages are precluded as a matter of law," would create "redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion ... already serves such a purpose." *Id.* (citations and internal quotation marks omitted). *Id.* Second, the Court observed that Rule 12(f) motions are reviewed for abuse of discretion, while Rule 12(b)(6) motions are reviewed de novo, meaning a party could obtain a procedural advantage on appeal simply by filing an otherwise identical motion under a different label. *See id.*

The Sixth Circuit has not expressly addressed this issue. Notwithstanding, the Court is persuaded by the Ninth Circuit's interpretation of Rule 12(f). The Court also finds that the Ninth Circuit's holding is consistent with the Sixth Circuit's application of Rule 12(f). *See Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018) (stating that Rule 12(f) "is neither an authorized nor proper way to procure the dismissal of all or a part of a complaint.") (internal quotations omitted). *See also Wojciechowski v. Wal-Mart Assocs., Inc.*, No. 07-10991, 2007 WL 1290589, at *7 (E.D. Mich. May 1, 2007) (concluding that the plaintiff stated a viable breach of contract claim but dismissing Plaintiff's request for mental distress damages under Federal Rule of Civil Procedure 12(b)(6) because such damages were not available under Michigan law).

For the same reasons provided by the Ninth Circuit in *Whittlestone,* Plaintiff's request for damages is neither a defense, nor a redundant, immaterial, impertinent, or scandalous matter. Furthermore, to the extent Rule 12(f) is an appropriate vehicle for striking from a complaint a completely unavailable remedy, such as a claim for damages barred as a matter of law, the City would still not be entitled to the relief it seeks. The City

7

fails to demonstrate that restitution damages or a refund of fines paid because of a Fourth Amendment violation are clearly not available to any claimant as a matter of law under § 1983. *See, e.g., Pund v. City of Bedford, Ohio*, 339 F. Supp. 3d 701, 716 (N.D. Ohio 2018) ("Federal courts are authorized to enter declaratory judgments and orders of restitution, as appropriate, as a direct remedy under Section 1983."); *Second Amendment Arms v. City of Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *13 (N.D. Ill. Sept. 25, 2012) (recognizing that restitution damages can be available to claimants in § 1983 actions).[6] Therefore, the City's motion to strike is denied.

However, and to be clear, the Court's order should not be construed as foreclosing Defendants from seeking dismissal of all or part of Plaintiff's claims as permitted under the Federal Rules of Civil Procedure. Issues such as whether Plaintiff adequately stated a claim for a violation of his constitutional rights or whether Plaintiff is entitled to damages under the facts and circumstances of this case are not presently before this Court. Similarly, issues related to the viability of the putative class, such as whether Plaintiff is an adequate class representative or whether members of the putative class are entitled to damages in the form of a refund of fines or fees paid because of chalking are not before the Court.

---

[6] The Court observes that some district courts within the Sixth Circuit have used Rule 12(f) to strike from a complaint a plaintiff's request for punitive damages in connection with an ERISA claim because Sixth Circuit precedent clearly establishes that punitive damages are not recoverable under ERISA. *See Scott v. Cent. States, Se. & Sw. Areas Pension Plan*, 727 F. Supp. 1095, 1096 (E.D. Mich. 1989); *McGillen v. Health Extras*, No. 08-12863-BC, 2009 WL 10680204, at *7 (E.D. Mich. Apr. 14, 2009) (granting motion to strike as to request for punitive damages, but denying motion to strike as to requests for an accounting and disgorgement of profits because such remedies were potentially available). Thus it appears there is an argument that Rule 12(f) may be used to strike a request for damages where it is clearly established that the damages sought are unavailable as a matter of law. The cases cited by the City, however, do not clearly establish that the damages sought by Plaintiff on behalf of the putative class are unavailable under § 1983.

### III. Plaintiff's motion for preliminary injunction

Plaintiff asks the Court to enter a preliminary injunction against Defendants barring enforcement of Parking Ticket No. 41000398998 until a decision on the merits of this case is reached. Although Plaintiff's complaint seeks an injunction prohibiting Defendants from continuing the chalking of vehicles, Plaintiff does not seek a preliminary injunction on this point.

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. The Court must consider four factors when determining whether to issue a preliminary injunction: (1) the likelihood of the party's success on the merits; (2) whether the injunction will save the party from irreparable injury; (3) the probability that granting the injunction will substantially harm others; and (4) whether the public interest will be served by the injunction. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004); *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997); *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

"[T]he four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny injunctive relief." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). The court need not make specific findings regarding each of the four factors if fewer factors are dispositive of the issue. *See Six Clinics Holding Corp.*, 119 F.3d at 399. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The plaintiff has the

burden of proof, and that burden is the same irrespective of whether the relief sought is mandatory or prohibitive. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998).

Here, Plaintiff contends all four factors weigh in favor of the preliminary injunction. Defendants disagree.

**A. Likelihood of success on the merits**

Plaintiff contends that he is likely to prevail on his Fourth Amendment violation claim in light of the Sixth Circuit's opinion in *Taylor*. Plaintiff asserts *Taylor* establishes that it is likely the Defendants' chalking of his tires violated his Fourth Amendment rights and that his parking ticket is therefore invalid. Defendants respond that Plaintiff is not entitled to a preliminary injunction because Plaintiff was not issued a ticket based on the chalking of his tires. Defendants argue that although the ticket references tire marking, the ticket was for an expired meter, and therefore whether Plaintiff's tires were marked is irrelevant to his parking violation.

The Court agrees with Defendants that Plaintiff fails to sufficiently demonstrate a likelihood of success on the merits of his individual claim to warrant the issuance of a preliminary injunction. The question at this stage of the proceedings is not whether the City's practice of chalking tires is unconstitutional but whether Plaintiff will likely succeed on his individual quest to invalidate his parking ticket. Plaintiff offers no evidence, as is his burden, to establish that the Defendants' chalking of his tires violated his constitutional rights. The ticket issued to Plaintiff states that it was issued because of an expired meter. While Plaintiff argues that the ticket's notation of the chalking of his tires establishes the constitutional violation, Plaintiff has not demonstrated that the ticket issued to him should

be invalidated because of an alleged unconstitutional search. Further, Plaintiff presents no evidence to support his speculation that it is possible the parking attendant ticketed him for the wrong parking violation. The Court finds this factor weighs against the issuance of a preliminary injunction.

## B. Irreparable harm

Plaintiff states he will suffer irreparable harm without the injunction because of the potential impoundment of his vehicle or the loss of his license. Plaintiff claims he could lose his job if he lost his license or his vehicle. Defendants respond that Plaintiff fails to demonstrate why or how he is under imminent threat of vehicle impoundment or the loss of a job because of the enforcement of a single parking ticket. Defendants further contend that there are no ongoing collection efforts, and that Plaintiff fails to meet his burden to demonstrate anything other than "speculative or theoretical" harm.

The Court agrees with Defendants' assessment of this factor. To obtain a preliminary injunction, Plaintiff must demonstrate that the potential harm is both certain and immediate, rather than speculative or theoretical. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Moreover, to substantiate a claim that irreparable injury is likely to occur, a movant should provide some evidence that the harm has occurred in the past and is likely to occur again. *Id.*

Here, while the final notice to Plaintiff makes a reference to the potential impoundment of Plaintiff's vehicle, Plaintiff presents no evidence that this is likely to happen. Moreover, the City agreed to not enforce Plaintiff's parking ticket pending the outcome of this litigation. Finally, damages are an available remedy to Plaintiff under the

facts and circumstances presented here. For these reasons, this factor weighs against the issuance of a preliminary injunction.

### C. Harm to third parties and public interest

Because the first two factors weigh against a preliminary injunction, there is no need for the Court to address the final two factors. Notwithstanding, the Court notes that the final two factors are at best neutral. The Court agrees with Plaintiff that there is no real harm to any third parties by enjoining the enforcement of Plaintiff's singular parking ticket. The City would potentially have a stronger argument on this factor if the preliminary injunction attempted to prohibit the City from utilizing its chalking practices. At the same time, the only interest served by the preliminary injunction is Plaintiff's. The public at large will not benefit by the halting of the enforcement of Plaintiff's parking ticket. The Court disagrees with Plaintiff that "having this case resolved and the issue put to rest" sufficiently serves the public interest to warrant the issuance of a preliminary injunction. And the preliminary injunction requested by Plaintiff does not resolve the ultimate matter of public concern raised by Plaintiff's complaint: whether the City's practice of chalking tires violates the Fourth Amendment.

### IV. Conclusion

For the above-stated reasons, the Court **DENIES** the City's motion to strike and **DENIES** Plaintiff's motion for a preliminary injunction.

**SO ORDERED.**

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 28, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2019, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett
                                                  Case Manager